### McCOWAN et al. v. BOND et al.

Court of Appeals of Kentucky.

May 30, 1952.

Fritz Krueger, Somerset, for appellants.

Lewis & Weaver, London, J. R. Llewellyn, McKee, for appellees.

CLAY, Commissioner.

This appeal is from a judgment restraining the County Judge of Jackson County and others from proceeding to establish a county road. Appellants' contention is that in effect the judgment constituted a writ of prohibition which the circuit court was unauthorized to issue.

On August 27, 1947, the appellant plaintiffs filed an ex parte petition in the Jackson county court to establish a public passway as a county road. This action appears to have been taken in conformity with the provisions of KRS 178.080. The next day a notice was published in the local newspaper to the effect that a hearing would be had on this petition September 6. On September 3, appellees, being owners of the land involved and other interested parties, petitioned the Jackson circuit court and obtained a temporary restraining order against the plaintiffs and the County Judge. This temporary order was subsequently made permanent by the judgment appealed from.

We are unable to comprehend on what conceivable ground appellees were entitled to have the Jackson county court restrained from proceeding in a matter over which it is plainly given jurisdiction by the statute, KRS 178.080. It seems to be appellees' theory that the interested parties had not been served with notice of the proceedings, but the statute does not require notice at the time the action is commenced. Appellees assert that the proceedings in the county court were "absolutely void," but for what reason is not shown.

The only steps taken in the county court were the filing of a petition and the publication of an unrequired general notice. After the appointment of "viewers", the County Judge may have decided that the road should not be established. If so, there would have been no reason to serve appellees with process or to hear their objections.

This seems to be a simply a case in which the potential defendants in a lawsuit attempt to disrupt orderly judicial procedure by going into an equity court to enjoin proceedings properly commenced in a court of law. In the present case the appellant plaintiffs had a legal right to petition the Jackson county court. That court had full jurisdiction of the subject matter and the power to proceed as provided by statute.

When appellees filed their suit for an injunction, none of their rights had been invaded, and any objection they may have had to the establishment of the county road could be properly presented in the county court action. From an adverse judgment there, they could appeal to the circuit court and then to this Court under KRS 178.100. Appellees clearly had an adequate remedy at law, and therefore the injunction should not have been granted.

The judgment is reversed with directions to dismiss appellees' petition.